UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL D. MCGUIRE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHENZHEN SHI LANNIU KEJI YOUXIAN GONGSI CO, LTD.; AMAZON; AMAZON.COM SERVICES, LLC; DOES I-X,<br><br>　　　　Defendants. | Case No. 4:25-cv-00087-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Daniel D. McGuire's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review McGuire's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of McGuire's Complaint to ensure it meets the minimum required standards discussed below. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court will GRANT McGuire's application to proceed in forma pauperis and will allow him to pay the filing fee over time. Further, the Court finds McGuire's Complaint legally sufficient to survive initial review.

MEMORANDUM DECISION AND ORDER - 1

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has examined McGuire's application to proceed in forma pauperis and finds it does not conclusively establish his indigence. McGuire lists his monthly income as $1,960.00, and his monthly expenses as $1,575.00. Dkt. 1, at 2, 4. In short, McGuire has approximately $385 in discretionary income each month. He also has some savings. *Id*. at 3. Thus, the Court determines McGuire is not indigent and cannot proceed without pre-payment of the filing fee. That said, the Court will allow McGuire to pay this fee over time to reduce any financial burden. McGuire must pay the fee in $100 monthly installments.

## III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122,

MEMORANDUM DECISION AND ORDER - 2

1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, McGuire alleges five counts against Shenzen Shi Lanniu Keji Youxian Gongsi Co. LTD, Amazon, and Amazon.com Services, LLC. Dkt. 2-1, at 5–12. The five counts are as follows: (1) product liability; (2) strict liability, (3) negligence, (4) breach of warranties, and (5) damages. *Id.*

These counts stem from a 2023 bike accident that resulted in McGuire fracturing his left femur, leading to extensive medical treatment. *See generally* Dkt. 2-1. Specifically,

McGuire asserts his cycling shoe cleats (LANNIU Shimano-compatible shoe cleats) that were manufactured, marketed, and distributed by the Defendants in their respective capacities, were difficult to unclick from the pedal. McGuire asserts this product failure was the cause of his accident and resulted in significant pain and suffering. *Id*. at 4. McGuire asserts the Defendants were aware of the difficulty of unclicking the shoe cleats from bicycle pedals as early as 2021, but continued selling them anyway, rendering them liable for his accident. Dkt. 2-1, at 5–6.

At face value, McGuire's complaint survives an initial analysis under 28 U.S.C. § 1915(e)(2): (1) the complaint is neither frivolous nor malicious; (2) the complaint states a claim upon which relief can be granted; (3) and the complaint does not seek monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). In specifically addressing the second prong under 28 U.S.C. § 1915(e)(2), McGuire's complaint alleges facts sufficient to show a plausible claim for relief. *See Ashcroft*, 556 U.S. at 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)).

While the Court is *not* making a determination as to the likelihood of success of this complaint, the Court nonetheless finds that the complaint overcomes the low threshold at this early stage. Accordingly, the Court finds McGuires's complaint sufficient to survive initial review.

## IV. CONCLUSION

McGuire's application to proceed in forma pauperis does not establish his indigency; however, the Court will allow McGuire to pay the filing fee over time. McGuire must pay $100 a month towards the filing fee. Additionally, McGuire's Complaint is

legally sufficient at this stage and this case may proceed.

## V. ORDER

1. McGuire's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein. McGuire need not prepay the fee in full at this time; however, McGuire must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule may result in dismissal of this case without further notice. The first payment is due on or before the last day of June 2025.

2. After an initial review of the Complaint, the Court will allow McGuire to proceed with his claims against Defendants.

3. Because the Court has granted McGuire in Forma Pauperis status, pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court will serve McGuire's Complaint on his behalf. In order to facilitate this,

    a. McGuire shall file, within 10 days of the date of this Order, a physical address for each Defendant where they can be served.

    b. The Court will allow each Defendant to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If any Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Federal Rule of Civil Procedure 12(a)(1)(A)(ii).

Accordingly, upon receipt of the respective physical addresses for each defendant, the Clerk of the Court shall forward a copy of the Complaint (Dkt. 2-1), a copy of this Order, and a Waiver of Service of Summons to each Defendant.

c.  If McGuire receives a notice indicating that service will not be waived, he shall have an additional thirty (30) days from the date of such notice to file a notice of physical service, in which case the Court will require its officers to effect service. If McGuire fails to file such notice, his claims may be dismissed without prejudice and without further notice.

DATED: May 22, 2025

_____
David C. Nye
Chief U.S. District Court Judge